IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(BALTIMORE)

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIMINAL No.:  CCB-16-0267 |
| **ADRIAN SPENCE** | * | |
| **Defendant** | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MOTION TO SUPPRESS
ELECTRONIC COMMUNICATIONS EVIDENCE**

NOW COMES the Defendant, Adrian Spence, through undersigned counsel, Christopher J. Purpura, and respectfully moves for an order of this Court suppressing as evidence for use at trial all recorded telephonic wire communications obtained pursuant to a Title III wiretap order on the grounds the communications were unlawfully intercepted and that the orders of authorization or approval under which the communications were intercepted were insufficient, and in support therefore, states as follows:

1. That the Defendant, Adrian Spence, is charged by way of an Indictment RICO offenses and Possession of a Firearm by a prohibited person in violation of 18 U.S.C. 922(g).

2. Discovery materials furnished by the government to date indicate that law enforcement applied for Title III authorizations as to several individuals including Mr. Spence. The target numbers include the following numbers:

410-746-1240, 410-831-8811, 443-454-9490 and other associated numbers.

3. Law enforcement sought and received authorizations to intercept wire and electronic communications of telephone numbers associated with Mr. Spence. The intercepted communications began on or about June 4, 2015.

4. Discovery materials indicate that Defendant Spences' conversations were

1

recorded on some of the above listed lines, making, Mr. Spence an aggrieved person as defined by 18 U.S.C. 2510(11) as he was a party to recorded wire, oral, or electronic communications.

5. Law enforcement failed to adequately exhaust less intrusive investigative procedures or adequately explain why less intrusive procedures would not succeed prior to obtaining the Orders authorizing the electronic surveillance. See, *United States v. Wilson,* 484 F.3d 267.

6. Law enforcement did not cease to monitor the wiretaps after the objectives stated in the various orders had been achieved.

7. Law enforcement did not have probable cause to obtain the Orders authorizing the electronic interceptions.  Any arguable probable cause present was stale at the time that authorization for the interceptions was requested and authorized. See, *Illinois v. Gates,* 462 U.S. 213 (1983).

8. Law enforcement failed to minimize the extent to which individual conversations seized pursuant to the Orders were monitored and transcribed. 18 U.S.C. 2518; *Scott v. United States,* 425 U.S. 917 (1976).

9. The authorizations permitting the electronic interceptions were facially insufficient pursuant to the requirements set forth in 18 U.S.C. 2517-2518.

WHEREFORE, Defendant Abrams respectfully requests that this Honorable Court suppress the admission of any evidence in this case obtained by way of the interception of wire communications obtained pursuant to applications made and orders entered pursuant to state or federal law.

Respectfully submitted,

_____/s/_____
Christopher J. Purpura, Esquire
Law Office of Purpura & Purpura
8 E. Mulberry Street
Baltimore, Maryland 21202
Fed Bar No.: 27327
410.727.8550
*Counsel for Defendant*

## REQUEST FOR A HEARING

Pursuant to Rule 105-6 of the Local Rules of the United States District Court for the District of Maryland, a hearing is requested on the Defendant's Motion.

_____
Christopher J. Purpura