IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO: 16-CR-267-5-CCB |
| **RANDY BANKS,** | * | |
| Defendant | * | |

## MOTION TO SUPPRESS TANGIBLE AND DERIVATIVE EVIDENCE

COMES NOW, Attorney Brian Sardelli, on behalf of Defendant RANDY BANKS, and respectfully hereby moves to suppress any tangible and derivative evidence pursuant to Rule 12(b)(3) of the Federal Rules of Criminal Procedure, to suppress any evidence seized in violation of the Fourth Amendment to the United States Constitution and as grounds stated below.

## INTRODUCTION:

1) The Defendant, Randy Banks, is charged by way of Indictment. Recently, on March 23, 2018, the Government filed a notice (ECF# 738) that they intend to seek an enhanced punishment range, to include a minimum-mandatory sentence of 20 years to life on Count 2 of the Second Superseding Indictment. This and the other very serious charges in this case, mean that Mr. Banks, if convicted, may be looking at a sentence that includes decades of confinement.

2) As discussed below, the Government is alleging that there have been seizures of narcotics and other evidence related to Mr. Banks.

3) The searches discussed below, lacked sufficient reasonable suspicion and/or probable cause and violated the Defendant's rights under the Fourth Amendment to the United States Constitution. The fruits of the illegal search and seizure must be suppressed.

## BACKGROUND:

4) This case is a long and complicated case. There have been numerous motions filed by the parties to include motions to suppress. The current scheduling order (ECF#696) has a motions date of April 13, 2018. The Defense has engaged in discussions with the Government to obtain a better understanding of the evidence currently disclosed in this case. However, on April 12, 2018 the Government advised that the Defense should operate on the assumption that anything in the discovery is fair game. Therefore, the Government is filing this motion to suppress.

5) The Defense moves to suppress any narcotics, money, or other evidence obtained because of any search or seizure discussed below. Unless and until the Government establishes that these searches (or any searches or seizures in this case) were conducted based on reasonable suspicion, probable cause, and/or other lawful means, they should not be admitted as evidence.

6) Mr. Banks has strong opinions in this case and has made clear to Attorney Sardelli that he wishes to assert his rights in this case. Based on discussions with Mr. Banks and a review of the discovery in this case, Mr. Banks challenges the facts as alleged by the Government and if any of these alleged contacts were conducted in accordance with applicable law and procedure. Furthermore, although no final decision has been made, Mr. Banks reserves his right to testify for the limited purpose of a motions hearing, to challenge whether the below incidents and contacts with law enforcement were done according to applicable law and procedure and if that evidence should be suppressed.

## FACTS:

7) The Government, as of the date of this motion, has alleged the following in relation to Mr. Banks. This list is not exhaustive, and Mr. Banks has made clear his intent to challenge any seizures, to include any seizure of narcotics and currency. However, a summary of the relevant incidents (as alleged by the Government) includes the following:

A) On October 15, 2012, the Defendant was present during a shooting outside Club Mirage in downtown Baltimore. A closed-circuit television ("CCTV") camera captured the incident.

B) On November 1, 2013, the Defendant was in an MMP rap video that was published on YouTube.

C) On March 24, 2015, the Defendant was arrested in the 5500 block of Gwynn Oak Avenue. The Police claimed that he was found to be in possession of three ziplock bags of heroin and over $500 in cash.

D) On May 9, 2016, the Defendant attended a funeral for slain person named Maurice Braham. Photographs of the event were found on an Instagram account.

E) On May 12, 2016, members of the Baltimore Police Department conducted covert surveillance outside a vacant dwelling at 5509 Gwynn Oak Avenue that was known to be used in the sale of narcotics. Officers claim that they observed the Defendant in the area and that he was engaged in illegal activity. Three suspected drug customers were stopped after leaving the location, and each was found to be in possession of cocaine. The Defendant was arrested, and in a search incident to arrest, officers claim to have recovered $519 in cash from the Defendant's person.

F) On April 12, 2017, while the Defendant was a fugitive in this case, law enforcement officers conducted surveillance of a residence associated with the Defendant in the 2700 block of Gatehouse Drive. They claim to have observed a suspected drug activity. They later observed the Defendant exit the residence, approach a vehicle, and provide the occupants of the vehicle with a large package before returning inside the residence. Later, they observed the defendant exit the residence again and get into the passenger side of a Chevrolet Silverado. They claim to have followed the vehicle and engaged their emergency lights in an attempt to conduct a traffic stop. They further claim that the driver of the Chevrolet Silverado accelerated to a high rate of speed and fled

      through a shopping center parking lot.  The Defendant was eventually apprehended on May 15, 2017.

G) In the course of the investigation, ATF agents executed a search warrant on an iCloud account belonging to Co-Defendant 2 and found numerous photos of the Defendant with Co-Defendant 2.

H) On or about April 28, 2015, the Government claims that Dante BAILEY and Randy BANKS burglarized Hopkins Beauty Supply at 1713 Pennsylvania Avenue during the riots in Baltimore City.

I) On or about February 1, 2016, Tiffany BAILEY sent a letter to Dante BAILEY at the Baltimore County Detention Center and enclosed photographs picturing Dante BAILEY, Randy BANKS, Devon DENT, Dontray JOHNSON, Jay GREER, Takuma TATE, now-deceased MMP member Maurice Braham, a/k/a "Mookie," and others standing together.  The Government claims that they were making MMP gang signs.

8) In addition to the discovery already provided related to the incidents above, the Defense would request additional discovery, if any, related to the above incidents be provided. Also, the Defense would also respectfully request that the Government provide an opportunity to interview all law enforcement witnesses involved in the above incidents or that the Government provide their contact information so that Defense may set up such interviews prior to the motions hearing currently set for June 1, 2018.  Lastly, it is the Defense position that this motion would require a hearing and that the Government call witnesses to establish that any seizure related to Mr. Banks was done in accordance to applicable law and procedure.  Also, that the Defense be allowed to cross examine any such witnesses.  Lastly, if he so chooses, that Mr. Banks be allowed to testify, for the limited purpose of the motions hearing, to challenge any of the factual accounts provided by Government witnesses.  Mr. Banks has made no final decision on these matters.  However, he does reserve the right to testify at the motions hearing.

WHEREFORE, the Defendant requests that this Court grant an Order of Suppression on the grounds alleged herein and any other ground that may become apparent upon a hearing on the motion.

Attorney Sardelli has communicated Mr. Bank's intent to file this Motion to Suppress with AUSA Christina Hoffman. She has indicated that the Government does not consent and opposes this motion.

DATED: April 13, 2018.

                                            Respectfully submitted,

By:    */s/ Brian Sardelli*_____
         BRIAN SARDELLI-ATTORNEY AT LAW
         Website: www.sardelli-federalcriminaldefense.com
         Email: brian.sardelli@outlook.com
         Cell Number: 202-904-6287
         Maryland Federal Bar# 19873

CERTIFICATE OF SERVICE

     I hereby certify that on the 13th day of April 2018, I filed this document via ECF with the Clerk of the Court and therefore caused a copy to be served on all counsel of record in this case.

                                      Respectfully submitted,

                    By:    */s/ Brian Sardelli*_____
                           BRIAN SARDELLI-ATTORNEY AT LAW
                           Website: www.sardelli-federalcriminaldefense.com
                           Email: brian.sardelli@outlook.com
                           Cell Number: 202-904-6287
                           Maryland Federal Bar# 19873

                           MN Office Address-
                           BRIAN SARDELLI-ATTORNEY AT LAW
                           3800 American Boulevard West, Suite 1500
                           Bloomington, MN 55431
                           Tel: 952-921-5875
                           MN Bar# 030542X

                           DC Office Address-
                           BRIAN SARDELLI-ATTORNEY AT LAW
                           1629 K ST. NW, Suite 300
                           Washington, D.C. 20006
                           Tel: 202-821-1813
                           DC Bar# 176998

Confidentiality Note: This e-mail or document may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please notify me immediately at the above address.