**United States District Court for the District of Maryland**

**United States of America**                    \*

    **v.**                    \*          **Crim. No. 1:16-cr-00267-CCB-13**

**Bailey, et al.**                    \*
    **[Devon Dent]**

**Supplemental Motion to Suppress Statement**

Defendant, Devon Dent, by and through his attorney, moves this Honorable Court to suppress a statement he allegedly made during the course of the case investigation.  In support he states the following.

1.  The defendant was interrogated while in custody on October 26, 2016.

2.  That statement was deliberately elicited by the government outside the presence of counsel and was obtained in violation of his rights pursuant to *Fellers v. United States*, 540 U.S. 519 (2004).

3.  Evidence was already taken on this matter at a hearing on June 1, 2018.  Please treat this as a supplemental motion restricted to the matter of whether the above-referenced statement was taken in violation of the Sixth Amendment of the United States Constitution.

4.  The Sixth Amendment right to counsel is triggered "at or after the time that judicial proceedings have been initiated … whether by way of formal charge, preliminary hearing, indictment, information or arraignment." *Brewer v. Williams*, 430 U.S. 387, 398 (1977).

5. In this matter, Mr. Dent was indicted by the United States on September 22, 2016. The statement was taken on October 26, 2016, after his initial appearance in District Court. Therefore, Mr. Dent's Sixth Amendment right to counsel was clearly triggered.

6. The Supreme Court held, in *Massiah v. United States*, 377 U.S. 201 (1964), that an accused's Sixth Amendment right to counsel is denied to him "when there [is] used against him at his trial evidence of his own incriminating words, which federal agents … deliberately elicited from him after he had been indicted and in the absence of his counsel." *Massiah*, 377 U.S.at 206.

7. The testimony elicited from then Alcohol, Tobacco and Firearm Agent Louvado was that, while Mr. Dent spoke first, Agent Louvado continued the conversation in a way that invited future comments from Mr. Dent.

8. Mr. Dent originally made a statement about a Mercedes that was following the transport vehicle and wondered if those were "his people" following them. Agent Louvado answered that he didn't know Mr. Dent's people but that the Mercedes was a very nice car. Mr. Dent continued to talk and after making a statement about how it would surprise the agents "how much money we were making," he was advised of his rights per *Miranda v. Arizona*, 384 U.S. 436 (1966).

9. Under cross-examination, Agent Louvado admitted that, after the *Miranda* warnings were given, he asked Mr. Dent questions and Mr. Dent would answer them.

10.     It is those questions which were a federal agent's attempt to deliberately elicit statements from Mr. Dent, which will be used against him at trial, unless this motion is granted.

11.     In the matter of *United States v. Henry*, 447 U.S. 264 (1980), the Supreme Court indicated that whether the accused is in custody is a factor to consider when determining whether the federal agent attempted to deliberately elicit the statement from the accused.  "the mere fact of custody imposes pressures on the accused; confinement may bring into play subtle influences that will make him particularly susceptible" to making statements.  *Henry*, 447 U.S. at 274.

12.     Under *Fellers v. United States*, this statement was taken in violation of the Sixth Amendment of the United States Constitution and must be suppressed.

13.     The Government may argue that Mr. Dent waived his right to counsel under the Sixth Amendment after being advised of his *Miranda* rights.  Certainly it is possible that an accused can waive his right to counsel under the Sixth Amendment.

14.     However, undersigned counsel has not been able to find any case that definitively states that a proper advisement of an accused's *Miranda* rights is enough to constitute a waiver of an accused's right to counsel under the Sixth Amendment.

15.     There are cases that say generally that is so but undersigned counsel is unaware of any case that says that an accused who was just appointed counsel in the presence of the federal agent and is in the custody of said federal agent can waive his Sixth Amendment right to counsel via the standard *Miranda* warnings.  Without

a clear and unambiguous waiver of his right to counsel pursuant to the Sixth

Amendment, any statements made on that day must be suppressed.

WHEREFORE, for the reasons stated herein, the defendant respectfully requests

that the Court grant this Supplemental Motion to Suppress Statement.


Respectfully submitted,

__/S/_____

Marshall T. Henslee
The Law Office of Marshall T. Henslee, LLC
606 Baltimore Avenue, Suite 301
Towson, Maryland 21204
410-828-5500
Marshall@HensleeLaw.com
Fed Bar ID# 53861
*Counsel for Devon Dent*


## Certificate of Service

I hereby certify that on this 20th day of June, 2018 a copy of the foregoing

Motion to Adopt Motions Filed by Co-Defendants was delivered electronically to Ms.

Christina Hoffman, Mr. Jason Medinger, Ms. Lauren Perry and Mr. Daniel Gardner,

Office of the United States Attorney, 36  South Charles Street, Fourth Floor,

Baltimore, Maryland 21201.


__/S/_____

Marshall T. Henslee