IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO: 16-CR-267-5-CCB |
| RANDY BANKS, | * | |
| Defendant | * | |

**SECOND UPDATED STATUS REPORT REGARDING MOTIONS**

COMES NOW, Attorney Brian Sardelli, on behalf of Defendant RANDY BANKS, and respectfully files this Second Updated Status Report to the original Status Report (ECF#778) filed on May 15, 2018 and the First Updated Status Report (ECF#791) filed on May 29, 2018. In addition, the initial motions hearing was held on June 1, 2018 and the Court ruled on one incident discussed in Mr. Bank's Motion to Suppress.  A second motions hearing is pending and will be set by the Court for a later date.  Mr. Banks is updating the Court based on the argument and discussion that occurred in Court on June 1, 2018.  Also, the Court recently issued an order (ECF#820) summarizing the rulings from the June 1, 2018 motions hearing.  In that order the Court set a date of June 25, 2018 for additional briefing.  It appears that this date relates to others Defendants.  However, out of an abundance of caution, Mr. Banks is filing this pleading prior to that deadline.  Mr. Banks respectfully updates the Court as to the following:

1) Mr. Banks respectfully requests argument and an opportunity to be heard on any pending motions and issues.  Mr. Banks also reserves the right, when applicable, to require the Government to present evidence and/or witness testimony rather then simple proffering information to the Court.  The Defense is willing to work with the

Government to reach agreement as to which issues require the testimony of witnesses and which do not.

2)  The incident ligated at the June 1, 2018 motions hearing related to only one of the alleged documented arrests of Mr. Banks.  Baltimore Police Department Officer Jason Dipaola testified about this arrest which occurred on or about May 12, 2016. In addition, Officer DiPaola testified that some of the photographs and/or evidence related to this incident have been lost.  The Court heard argument on this issue and has denied the Defense Motion to Suppress as to the incident.  In addition, the Court denied the Defense request to exclude this incident and evidence based on the late disclosure of discovery (several documents were turned over the day before the hearing) and/or the lost evidence discussed above.

3)  The Government has stated that it will not present evidence related to a March 24, 2015 arrest of Mr. Banks.  Therefore, the Court has denied the Motion to Suppress related to this incident as moot.

4)  Although no final decision has been made, Mr. Banks reserves the right to testify for the limited purpose of any future motions and/or trial.  Mr. Banks has been clear to Attorney Sardelli that he has substantial disagreements with the Government position on these motions and some of the underlying facts stated by the Government.

5)  Attorney Sardelli has discussed the remaining motions, to include the remaining motions to suppress with his client.  At this time, Mr. Banks does not wish to waive any of these motions and requests that these motions be heard and ruled on by the Court.  To again be clear, Mr. Banks' Motion to Suppress is broad and covers any

evidence seized from or related to him.  This specifically includes any arrests and evidence related to narcotics and/or the currency seized from Mr. Banks.  The Government has been cryptic as to what evidence it intends to use at trial. Furthermore, it has not clearly identified what facts and incidents are within or are outside the scope of this case.  Because of this, the Defense has been forced to broadly contest issues at the motions hearing.  This includes all items listed in the pre-plea criminal history dated July 11, 2017 that the Government intends to use at trial.  Specifically, it includes the arrests and/or incidents from a 2012 narcotics case (paragraph 27 of the pre-plea criminal history); from a 2015 narcotics case (paragraph 28 of the pre-plea criminal history); and a 2015 burglary case (paragraph 29 of the pre-plea criminal history).  Also, it includes any CCTV footage of Banks at the Mirage nightclub, YouTube videos, social media photos, jail mail, and jail calls.  The discovery provided on those incidents is limited and it is unclear if all the above items relate to Mr. Banks or if my client has standing on these issues.  If additional discovery exists, the Defense again requests that the material be provided to the Defense.  Mr. Banks disagrees with some of the stated facts as to those incidents and requests the opportunity to challenge those facts as described by the Government.

6) At the June 1st, 2018 hearing, if memory serves, counsel for the Government seemed to indicate that the only evidence seized from or directly related to Mr. Banks are two cellular telephones and two documents seized from Mr. Banks on the date he was arrested.  If memory serves, it also seemed to indicate that it was focusing on two incidents from May 2016 (motion to suppress already denied) and

a 2012 arrest.  However, subsequent communications with the Government seemed

to back away from this.  Identifying what is relevant evidence to be used by the

Government at trial continues to be an issue for Defense in this case.

7) Attorney Sardelli has examined the above items (two cellular telephones and two

documents) briefly, but was denied the opportunity to open the evidence bags and

examine the contents of the evidence and/or cellular telephones.  Additionally,

counsel for the Government indicated that they have never even examined the

cellular telephones and may, at this late date, request a search warrant as to the

content of the cellular telephones.  Attorney Sardelli opposes this and requests an

opportunity to be heard on this issue.  If the search warrant has been granted,

Attorney Sardelli would request an opportunity to file a Motion to Suppress as to

any evidence obtained from these cellular telephones.

8) Mr. Banks requests that all evidence in this case related to Mr. Banks be produced

or made available for examination.  This includes all the narcotics and currency

(and lab reports), if not destroyed or deposited, or related material held as evidence

in this case.  These issues will be discussed below and relate to the investigation

and preparation for both the motions hearing and trial.  Other than the four pieces of

evidence discussed above, the Government has declined to provide Attorney

Sardelli access to any other evidence in this case prior to the motions hearing.  It is

the understanding of Attorney Sardelli that the evidence will not be made available

until after the motions, but before trial, and at one time for all counsel to review.

This is not acceptable to the Defense and the Defense wishes to be heard on this

issue at the upcoming motions hearing.

9) As to the law enforcement witness interview requests, it is the understanding of Attorney Sardelli that the witnesses have declined to be interviewed or that the Government claims it is unable to locate certain law enforcement witnesses. However, the idea that the Government cannot locate law enforcement witnesses such as Baltimore Police Officers and/or Federal Agents does not make any logical sense. If they are still on active duty, then they should be able to be located by the Government and made available for the Defense to interview. This is not acceptable to the Defense and the Defense wishes to be heard on this issue at the upcoming motions hearing.

10) Attorney Sardelli will continue to work in good faith to resolve these issues with the Government. However, as of the date of this filing Attorney Sardelli has not been able to resolve these issues with the Government. Because of the large and complex nature of this case, Attorney Sardelli believes the Government should work with the Defense to resolve the above issues and to work through the discovery in this case. The review of the provided paper and/or electronic discovery is a good start, but it is also good practice to conduct witness interviews and to physically examine evidence. The interviewing of witnesses and the examination of evidence are basic ways to prepare for a motion and/or trial. Attorney Sardelli needs the above information to provide effective assistance of counsel to Mr. Banks. Attorney Sardelli will be addressing these issues with the Court at the upcoming motions hearing.

11) The Defense position is that the above discovery issues and the withholding of witnesses and discovery make it difficult for the Defense to identify and litigate

motions.  Furthermore, without the above information and full disclosure it will be

difficult, if not impossible, for the Court to fully and accurately rule on motions in

this case.  Lastly, because of the withholding of witnesses and discovery, it has been

difficult, if not impossible, for Attorney Sardelli to effectively advise Mr. Banks

whether he should plead guilty or proceed to trial in this case.

12) Attorney Sardelli would respectfully reserve the right to update any of his

previously filed motions, if needed.

13) As stated previously, Attorney Sardelli defers to the Court on the issue of whether

motions should be heard in one or two groups.

DATED: June 25, 2018.

Respectfully submitted,

By:     */s/ Brian Sardelli*_____
        BRIAN SARDELLI-ATTORNEY AT LAW
        Website: www.sardellilaw.com
        Email: brian.sardelli@outlook.com
        Cell Number: 202-904-6287
        Maryland Federal Bar# 19873

CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June 2018, I filed this document via ECF with the Clerk of the Court and therefore caused a copy to be served on all counsel of record in this case.

Respectfully submitted,

By:     */s/ Brian Sardelli*_____
BRIAN SARDELLI-ATTORNEY AT LAW
Website: www.sardellilaw.com
Email: brian.sardelli@outlook.com
Cell Number: 202-904-6287
Maryland Federal Bar# 19873

MN Office Address-
BRIAN SARDELLI-ATTORNEY AT LAW
3800 American Boulevard West, Suite 1500
Bloomington, MN 55431
Tel: 952-921-5875
MN Bar# 030542X

DC Office Address-
BRIAN SARDELLI-ATTORNEY AT LAW
1629 K ST. NW, Suite 300
Washington, D.C. 20006
Tel: 202-821-1813
DC Bar# 176998

Confidentiality Note: This e-mail or document may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please notify me immediately at the above address.