B IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | CRIMINAL NO: 16-CR-267-5-CCB |
| **RANDY BANKS,** | * | |
| Defendant | * | |
| | * | |

## MOTION TO CONTINUE
## TRIAL DATE

COMES NOW, Attorney Brian Sardelli and respectfully requests this Motion to Continue on behalf of Defendant, RANDY BANKS. Attorney Sardelli has recently received additional discovery and disclosures in this case. Therefore, because of the timing of these disclosures, it is requested that additional time be granted to review the discovery and disclosures in this case. It is far too late for the Government to be making these disclosures in this type of large and complicated RICO case without causing delay. Previously, there had been discussion of two potential trial dates in either November (11-5-18) or March (3-18-19). As noted by the Government (Please see ECF#888), at least one Defendant is already likely to be set for trial on March 18, 2019. Moving Mr. Banks to this date would likely resolve the issues to be discussed below. The trial is currently set for November 5, 2018 and the Defense is requesting that Mr. Bank's trial be delayed from November 5, 2018 until March 18, 2019.

Specifically, additional time is needed for the following reasons:

1) On or about Thursday October 4, 2018, the Government provided notice that it intends to call twenty-nine (29) expert witnesses during the upcoming trial. It provided

a list of these experts and additional discovery and disclosure related to these expert witnesses. There is no way that the Defense will be able to review this list, review the additional discovery and disclosures, determine what expert witnesses the Defense may need to call in order to potentially rebut and/or contest these experts and their conclusions, identify potential Defense expert witnesses, and then work with CJA staff to fund and obtain Defense experts. Additionally, even if all of the above were possible, it is unknown if these potential Defense experts would even be available during the currently set trial date. Lastly, the Defense needs additional time to review material to determine if any additional motions need to be filed or reasserted based on these recent expert disclosures. For example, several of these experts seem to deal with autopsy results related to homicides in which there is no evidence that Mr. Banks had any involvement. This material must be reviewed to see if additional motions need to be filed or reasserted.

2) On or about October 1st, 2018, despite being told by the Government that they did not intend to introduce any phone calls in which Mr. Banks allegedly was a participant, the Government changed their position and disclosed a potential call they may use at trial. Also, of note, the Government has yet to produce a transcript of this call and has only identified the raw audio recording. The Defense requires additional time to review and determine the source of the call. (Wiretap, etc.) The Defense would also request leave to research this call and the right to file an additional motion and/or a motion to suppress related to this specific call. As stated above, the Defense was operating in good faith based on conversations with the Government that these types of calls would not be used by the Government as evidence against Mr. Banks.

3) On or about October 1, 2018, the Government finally disclosed all lab reports related to a May 12, 2016 arrest of Mr. Banks.  Additionally, the Defense was unable to view and examine these exhibits at the previous evidence review in September of 2018, because they had been sent to the lab for analysis.  Despite being in possession of these exhibits since 2016, it appears that the Government only recently had them tested.  Additionally, on or about October 4, 2018, as stated above, the Government disclosed for the first time that the intends to call an expert witness about these exhibits.  It is the Defense's intent to hire an expert witness with CJA funds to rebut the Government expert in this area.  Specifically, to review how this evidence was handled and/or tested.  Also, if this significant delay in testing had any impact on the results of those tests.  The May 12, 2016 incident appears to be the only drug related incident that is allegedly directly related to Mr. Banks.  It is a key incident in this case.  The Defense must have the opportunity to review this material and to find an expert to potentially rebut the Government expert in this area.  Again, the Defense only received this information last week and it is the late disclosure of the Government that is causing this Motion to Continue.

4) Additionally, it is anticipated that a witness and exhibit list will be made available no later than 14 days prior to trial.  Also, that significant additional disclosures will be made no later than 7 days prior to trial.  It is anticipated that this will be the primary evidence presented by the Government against Mr. Banks.  These disclosures may impact trial strategy and may be a reason to reassert previously filed motions and/or to file additional motions.  As stated at the last Court hearing, Attorney Sardelli was unable to argue certain motions because all discovery had not yet been made available to the Defense.  Until all discovery and disclosures are made, the Defense will be

unable to fully argue motions to the Court and that the Court should allow additional time to file and argue motions in this case once complete discovery and disclosures are made. Even if an investigator is hired with CJA funds to assist the Defense, it is anticipated that additional time will be needed in this case.

5) Also, it is unclear if all motions related to Mr. Banks have been ruled on to date or if there are motions pending in which the Court is waiting to rule, based on the additional disclosures to be made by the Government.

6) Additionally, Mr. Banks was recently moved by two ATF Agents from CDF Baltimore to a facility on the Eastern Shore. This move will make communications and trial preparation with Mr. Banks more difficult and more time consuming. Even with normal traffic, it will take multiple hours round trip to see Mr. Banks. The Defense was not consulted on this move and only found out about the move after the fact. The Defense has already made their concerns on this issue known to the Government.

7) Despite not completing their discovery and disclosures, the Government has demanded reciprocal discovery from Defense. It is the Defense's position that reciprocal discovery should not be due until the Government completes their discovery and disclosure requirements. Again, it is anticipated that this will not occur until on or about seven days prior to trial. Additional time may be needed to litigate this issue.

8) As previously discussed with the Court, the Defense has another trial set in February of 2019. The Defense remains concerned of a potential conflict with this trial currently set in Greenbelt Federal Court (Judge Xinis) on or about February 5, 2019. The case is *United States v. Javon Reid* and is case number PX-17-665. The current scheduling order in that case is available under ECF#141. The Defense is concerned

if this trial will be completed prior to February 5, 2019. Even if it is, the Defense is still concerned that it may not allow enough time to prepare for the *Javon Reid* trial. Additionally, several Court dates and motions for the *Javon Reid* case occur during the Randy Banks trial. This would make it difficult to prepare and litigate motions while still being in trial in this case. Finally, the Government has requested several stipulations be agreed to by the Defense. At this point the Defense has not agreed to stipulate. In response to this the Government advised that this may increase the trial length in this case. The increased trial length may present an issue and conflict.

9) Also, as previously discussed with the Court, the Defense currently has a sentencing in the case of *United States v Adrian Washington*, 17-CR-493 set on Friday 11-9-18 in Greenbelt Federal Court. No matter the result of this Motion to Continue, the Defense respectfully requests that day to attend and litigate that sentencing. It appears that this may be a longer than normal sentencing, with several contested issues to be discussed with the Court. It is the Defense's understanding that the Court previously approved him to attend this sentencing. Attorney Sardelli is still concerned about balancing the preparation time needed for the *Adrian Washington* case, while engaged in the trial defense of Mr. Banks.

10) Additionally, Attorney Sardelli has recently been invited to the Investiture Ceremony of a newly appointed United States Magistrate Judge in The Southern District of Texas (SDTX). Judge Sam Sheldon is set to have his Investiture Ceremony on Friday 1-11-19 at 1:30 P.M in the SDTX. Judge Sheldon and Attorney Sardelli served together for a number of years together at the Department of Justice, were AUSAs in the same office, and are friends. No matter the result of this Motion to Continue, Attorney Sardelli would respectfully request leave to attend this ceremony. If leave is kindly

granted by the Court, this may necessitate Attorney Sardelli being absent on Thursday (1-10-19) and Friday (1-11-19).

11) The Defense has consistently maintained their position on these issues and that the late disclosures of evidence in this case may cause issues. It (discovery and disclosures) has been a constant source of frustration and conflict with the Government in this case. Specifically, the timing of disclosures is coming far too late in this type of large and complicated RICO case. (The complex nature of the case being again proven by the need for 29 expert witnesses.) This Motion to Continue is being specifically caused by these late disclosures. Attorney Sardelli understands that adjustments in the case do happen when prosecutors prepare for trial. However, it is reasonable for the Defense to request more time when these adjustments are being disclosed weeks before trial in a large and complex case.

12) Most, if not all of these issues, may be resolved by delaying this trial until the second trial window. For some time there have been two potential trial dates discussed by the Court in November 2018 and/or March 2019. The Defense is available for the second trial window discussed by the Court in March of 2019. Specifically, the Defense would be available to start trial on or about March 18, 2019 or any other date in March of 2019 convenient for the Court and the parties.

13) For the record, if this Motion to Continue is not granted it is the Defense position that it will not be able to effectively Defend Mr. Banks. The Defense must have time to search for experts to potentially rebut and counter the Government experts in this case. For that reason, and the additional reasons discussed above, Attorney Sardelli respectfully requests this Motion to Continue.

14) Attorney Sardelli respectfully requests a telephonic status conference be set to discuss these issues.

Accordingly, it is respectfully requested that additional time to review discovery, identify and retain expert witnesses, and to prepare for trial be granted in this case.  Attorney Sardelli would request that scheduling and future dates be discussed with all parties and the Court at a telephonic status conference to be set by the Court.  Attorney Sardelli has discussed this motion to continue with AUSA Christina Hoffman.  She has indicated that she does not consent and opposes this motion to continue.

DATED: October 10, 2018.

                                              Respectfully submitted,

By:  */s/ Brian Sardelli*_____
BRIAN SARDELLI-ATTORNEY AT LAW
Website: www.sardelli-federalcriminaldefense.com
Email: brian.sardelli@outlook.com
Cell Number: 202-904-6287
Maryland Federal Bar# 19873

CERTIFICATE OF SERVICE

      I hereby certify that on the 10th day of October 2018, I filed this document via ECF with the Clerk of the Court and therefore caused a copy to be served on all counsel of record in this case.

Respectfully submitted,

By:    */s/ Brian Sardelli*_____
BRIAN SARDELLI-ATTORNEY AT LAW
Website: www.sardelli-federalcriminaldefense.com
Email: brian.sardelli@outlook.com
Cell Number: 202-904-6287
Maryland Federal Bar# 19873

MN Office Address-
BRIAN SARDELLI-ATTORNEY AT LAW
3800 American Boulevard West, Suite 1500
Bloomington, MN 55431
Tel: 952-921-5875
MN Bar# 030542X

Confidentiality Note: This e-mail or document may contain information which is privileged, confidential, and protected by the attorney-client or attorney work product privileges. If you are not the addressee, note that any disclosure, copying, distribution, or use of the contents of this message is prohibited. If you have received this transmission in error, please notify me immediately at the above address.