IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | |
| | * | **Criminal No.  CCB-16-0267** |
| **DEVON DENT,** | * | |
| | * | |
| a/k/a Tech, | * | |
| | * | |
| Defendant. | * | |

*******

## GOVERNMENT'S MOTION FOR RECONSIDERATION OF MARGINAL ORDER GRANTING DEFENDANT'S MOTION TO AMEND PRE-SENTENCE REPORT

The United States of America, by and through undersigned counsel, hereby respectfully moves this Honorable Court to reconsider its marginal order granting the Defendant's motion to amend the Pre-Sentence Report in this case, and in support states the following:

1. On February 27, 2019, the Defendant, Devon Dent, pleaded guilty to one count of racketeering conspiracy, in violation of 18 U.S.C. § 1962(d); and one count of conspiracy to distribute one kilogram or more of heroin and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846.  On June 6, 2019, the Court sentenced the Defendant to 168 months in the Bureau of Prisons, concurrent on both counts.

2. On February 24, 2020, the Defendant, through his court-appointed counsel Marshall Henslee, moved the Court to order the United States Probation Office to amend the Pre-Sentence Report ("PSR") in order to reflect certain developments that post-dated the Defendant's sentencing by several months. *See* ECF 1428.  Specifically, Mr. Henslee requested that the PSR be amended to reflect that (a) two state charges that were pending at the time of sentencing were thereafter resolved in September and October 2019, and (b) a then seven-year sentence was subsequently reduced to a one-day sentence in September 2019.  Based on information and belief, the state sentence was reduced because of the substantial sentence the Defendant received in federal court in the instant case.[1]

---

[1]    Mr. Henslee also notes that the offense conduct underlying the conviction in paragraph 47 of the PSR "was related to the federal drug conspiracy to which Mr. Dent pled guilty but the PSR does not reflect that." ECF 1428 ¶ 4.  However, the sentencing guidelines provide that, where a "previously imposed sentence resulted from a conviction prior to the last overt act of the instant offense," it should be "treat[ed] as a prior sentence under 4A1.2(a)(1) and not as part of the instant offense." U.S.S.G. § 2E1.1, App. Note 4.  In this case, the Defendant was involved in a number of additional overt acts that post-dated the prior conviction for related conduct, as detailed in the stipulation of facts to the plea agreement.  *See* ECF 1018.  Therefore, it was appropriate to treat

2

3. In his motion, Mr. Henslee acknowledged that the PSR was accurate at the time of sentencing. *Id.* ¶¶ 2–4. Nonetheless, he maintained that the changes should be made because the PSR's recitation of the Defendant's criminal history affects how the Bureau of Prisons determines his classification level and eligibility for forms of early release. *Id.* ¶ 6.

4. On March 5, 2020, the Court issued a marginal order granting Mr. Henslee's motion. ECF 1445. Undersigned counsel was in trial in *United States v. Sydni Frazier*, CCB-16-0267, between February 24 and March 3, 2020, and did not have a chance to speak with the U.S. Probation Office until after the marginal order had been issued.

5. Undersigned counsel has since communicated with U.S. Probation Officer Tracy Schrum about this matter. Ms. Schrum has informed me that although she does not dispute the accuracy of the information provided by Mr. Henslee, it is not the policy of the U.S. Probation Office to amend a PSR based on factual developments that post-date the sentencing by several months, and she has never received such a request.

6. Like Ms. Schrum, undersigned counsel does not dispute the accuracy of the information set forth in paragraphs 2 through 4 of Mr. Henslee's motion. Furthermore, undersigned counsel is willing to work with Mr. Henslee to ensure that this new information finds its way to the appropriate decision-makers at BOP. However, having now had a chance to research the law in this area, undersigned counsel respectfully submits that amending the PSR to reflect developments that occurred post-sentencing is not the appropriate way to accomplish this goal. In fact, it appears that the Court may lack jurisdiction to amend the PSR in this way after sentence has been imposed.

7. Federal Rule of Criminal Procedure 32 sets forth procedures designed to resolve factual questions prior to sentencing to ensure that the defendant receives a fair sentence. For instance, the probation officer must give the PSR to the parties at least 35 days before sentencing, Fed. R. Crim. Pro. 32(e)(2); the parties must state any objections in writing within 14 days of receiving the report, Fed. R. Crim. Pro. 32(f)(1); and the probation officer must submit the final report, and an addendum containing any unresolved objections, at least 7 days before sentencing, Fed. R. Crim. Pro. 32(g). At sentencing, the district court must ensure that the defendant and his attorney have discussed the PSR, and must allow the parties to comment on the probation officer's determinations. Fed. R. Crim. Pro 32(i)(A), (C). In addition, the district court "may, for good cause, allow a party to make a new objection at any time *before sentence is imposed.*" Fed. R. Crim. Pro 32(i)(D) (emphasis added). However, nothing in Rule 32 authorizes a district court to amend the PSR *after* sentence has been imposed.

8. There is case law in the Fourth Circuit and elsewhere indicating that Rule 32 does not provide a district court an independent jurisdictional basis to revise a PSR after a sentence

---

this conviction as a prior sentence that scored criminal history points. Undersigned counsel recalls discussing this matter with defense counsel prior to sentencing.

3

has been imposed. *See United States v. Williams*, 618 F. Supp. 1419, 1420 (E.D. Va. 1985) (stating that the district court lacks authority under Rule 32 to dispute the findings made in the PSR "months after the sentencing hearing"), *aff'd*, No. 84–5360 (4th Cir. Feb. 6, 1986); *see also United States v. Boardley*, No. 02–7717, 2003 WL 21001103 (4th Cir. May 5, 2003) (finding that the district court did not have jurisdiction to consider a motion to append a presentence report twelve years after it imposed its sentence); *United States v. Jarrett*, Nos. 89–6705, 89–7068, 1990 WL 64694 (4th Cir. Apr. 20, 1990) (finding that Rule 32 does not give the district court "independent jurisdiction" to consider a post-sentencing challenge to errors in defendant's presentence report); *United States v. Newton*, No. 1:08CR332-1, 2013 WL 5205768 (M.D.N.C. Sept. 13, 2013) (finding that the court lacked "authority or obligation" to modify the PSR years after sentencing "for the purposes of altering [the defendant's] prison accommodations"); *United States v. Engs*, 884 F.2d 894 (5th Cir. 1989) (stating that several circuits have found that Rule 32 does not provide a post-sentence jurisdictional basis to attack a presentence report).

9. It is true that the PSR can continue to have important ramifications for the Defendant at later stages in the correctional process. *See* Fed. R. Crim. Pro. 32, Notes of Advisory Committee on Rules—1983 Amendment. As the district court noted in *Newton*, however, "a defendant is not without recourse to dispute findings used by the Bureau of Prisons or the Parole Commission in establishing prison accommodations and parole status." *Newton*, 2013 WL 5205768, at *3. Rather, federal regulations permit a detainee to seek "formal review of an issue relating to any aspect of [his] own confinement" through the BOP's "Administrative Remedy Program." *See* 28 C.F.R. § 541.10 (2013); *see also United States v. Engs*, 884 F.2d 894, 897 (5th Cir. 1989). As noted above, undersigned counsel is willing to work with Mr. Henslee to go through the proper channels to provide BOP with fully accurate and up-to-date information regarding the Defendant's criminal record, upon which to base its decisions regarding classification and early release programs.

WHEREFORE, for the foregoing reasons, the government respectfully moves this Honorable Court to reconsider its marginal order granting the Defendant's Motion to Amend the Pre-Sentence Report in this case.

Respectfully submitted,

Robert K. Hur
United States Attorney

By: _____/s/_____
Christina A. Hoffman
Lauren E. Perry
Assistant United States Attorneys
36 S. Charles St., Fourth Floor
Baltimore, Maryland 21201

4
**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 10, 2020, a copy of the foregoing Government's Motion for Reconsideration of the Court's Marginal Order Granting Defendant's Motion to Amend the Pre-Sentence Report was served electronically through the Clerk of the United States District Court using CM/ECF, to:

Marshall Henslee, Esq.
Counsel for the Defendant

_____/s/_____
Christina A. Hoffman